No. 19-14551

# In the United States Court of Appeals for the Eleventh Circuit

KELVIN LEON JONES, ET AL.,

*Plaintiffs–Appellees*,

v.

RON DESANTIS, ET AL.,

*Defendants–Appellants*.

## APPELLANTS' MOTION TO EXPEDITE APPEAL

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
NO. 4:19-CV-300-RH-MJ

CHARLES J. COOPER
PETER A. PATTERSON
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
Telephone: (202) 220-9660
Fax: (202) 220-9601
ccooper@cooperkirk.com
ppatterson@cooperkirk.com

JOE W. JACQUOT
NICHOLAS A. PRIMROSE
JOSHUA PRATT
Executive Office of the Governor
400 S. Monroe St., PL-5
Tallahassee, FL 32399
Telephone: (850) 717-9310
Fax: (850) 488-9810
joe.jacquot@eog.myflorida.com
nicholas.primrose@eog.myflorida.com
joshua.pratt@eog.myflorida.com

BRADLEY R. MCVAY
ASHLEY E. DAVIS
Florida Department Of State
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399
Phone: (850) 245-6536
Fax: (850) 245-6127
brad.mcvay@dos.myflorida.com
ashley.davis@dos.myflorida.com

# CERTIFICATE OF INTERESTED PERSONS

Defendants–Appellants certify that the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1:

1. Abudu, Nancy G., *Attorney for Plaintiffs/Appellees*

2. Aden, Leah C., *Attorney for Plaintiffs/Appellees*

3. American Civil Liberties Union Foundation, *Attorneys for Plaintiffs/Appellees*

4. American Civil Liberties Union of Florida, *Attorneys for Plaintiffs/Appellees*

5. Antonacci, Peter, *Defendant*

6. Arrington, Mary Jane, *Witness*

7. Atkinson, Daryl V., *Attorney for Third Party*

8. Awan, Naila S., *Attorney for Third Party*

9. Bains, Chiraag, *Attorney for Third Party*

10. Barber, Michael, *Witness*

11. Barton, Kim A., *Defendant*

12. Bennett, Michael, *Defendant*

13. Bentley, Morgan, *Defendant*

14. Bowie, Blair, *Attorney for Plaintiffs/Appellees*

15. Brazil and Dunn, *Attorneys for Plaintiffs/Appellees*

16. Brennan Center for Justice at NYU School of Law, *Attorneys for Plaintiffs/Appellees*

17. Brown, S. Denay, *Attorney for Defendant*

18. Brown, Toshia, *Witness*

19. Bryant, Curtis, *Witness*

20. Campaign Legal Center, *Attorney for Plaintiffs/Appellees*

21. Carpenter, Whitley, *Attorney for Third Party*

22. Cooper, Charles J., *Attorney for Defendant/Appellant*

23. Cooper & Kirk, PLLC, *Attorneys for Defendant/Appellant*

24. Cowles, Bill, *Defendant*

25. Cusick, John S., *Attorney for Plaintiffs/Appellees*

26. Danahy, Molly E., *Attorney for Plaintiffs/Appellees*

27. Danjuma, R. Orion, *Attorney for Plaintiffs/Appellees*

28. Davis, Ashley E., *Attorney for Defendant/Appellant*

29. Defend Educate Empower, *Attorney for Plaintiffs/Appellees*

30. Dēmos, *Attorneys for Third Party*

31. DeSantis, Ron, *Defendant/Appellant*

32. Diaz, Jonathan, *Attorney for Plaintiffs/Appellees*

33.  Dunn, Chad W., *Attorney for Plaintiffs/Appellees*

34.  Earley, Mark, *Defendant*

35.  Ebenstein, Julie E., *Attorney for Plaintiffs/Appellees*

36.  Ernst, Colleen M., *Attorney for Defendant*

37.  Feizer, Craig Dennis, *Attorney for Defendant*

38.  Florida Justice Institute, Inc., *Attorneys for Third Party*

39.  Florida Rights Restoration Coalition, *Third Party-Amicus*

40.  Florida State Conference of the NAACP, *Plaintiff/Appellee*

41.  Forward Justice, *Attorneys for Third Party*

42.  Gaber, Mark P., *Attorney for Plaintiffs/Appellees*

43.  Giller, David, *Attorney for Plaintiffs/Appellees*

44.  Gordon-Marvin, Emerson, *Attorney for Third Party*

45.  Gruver, Jeff, *Plaintiff/Appellee*

46.  Hamilton, Jesse D., *Plaintiff/Appellee*

47.  Hanson, Corbin F., *Attorney for Defendant*

48.  Harrod, Rene D., *Attorney for Defendant*

49.  Haughwout, Carey, *Witness*

50.  Herron, Mark, *Attorney for Defendant*

51.  Hinkle, Robert L., *District Court Judge*

52. Ho, Dale E., *Attorney for Plaintiffs/Appellees*

53. Hogan, Mike, *Defendant*

54. Holland & Knight, LLP, *Attorneys for Defendant*

55. Holmes, Jennifer, *Attorney for Plaintiffs/Appellees*

56. Ivey, Keith, *Plaintiff/Appellee*

57. Jacquot, Joseph W., *Attorney for Defendant/Appellant*

58. Jazil, Mohammad O., *Attorney for Defendant*

59. Katzman, Adam, *Attorney for Defendant*

60. Klitzberg, Nathaniel, *Attorney for Defendant*

61. Lang, Danielle, *Attorney for Plaintiffs/Appellees*

62. Latimer, Craig, *Defendant*

63. League of Women Voters of Florida, *Plaintiff/Appellee*

64. Lee, Laurel M., *Defendant/Appellant*

65. Leicht, Karen, *Plaintiff/Appellee*

66. Marino, Anton, *Attorney for Plaintiffs/Appellees*

67. Martinez, Carlos J., *Witness*

68. Matthews, Maria, *Witness*

69. McCoy, Rosemary Osborne, *Plaintiff/Appellee*

70. McVay, Bradley R., *Attorney for Defendant/Appellant*

71. Mendez, Luis, *Plaintiff/Appellee*

72. Meros, Jr., George M., *Attorney for Defendant*

73. Meyers, Andrew J., *Attorney for Defendant*

74. Midyette, Jimmy, *Attorney for Plaintiffs/Appellees*

75. Mitchell, Emory Marquis, *Plaintiff/Appellee*

76. Morales-Doyle, Sean, *Attorney for Plaintiffs/Appellees*

77. Moreland, Latoya, *Plaintiff/Appellee*

78. NAACP Legal Defense and Educational Fund, *Attorneys for Plaintiffs/Appellees*

79. Oats, Anthrone, *Plaintiff/Appellee*

80. Orange County Branch of the NAACP, *Plaintiff/Appellee*

81. Patterson, Peter A., *Attorney for Defendant/Appellant*

82. Perko, Gary V., *Attorney for Defendant*

83. Phalen, Steven, *Plaintiff/Appellee*

84. Pratt, Joshua E., *Attorney for Defendant/Appellant*

85. Price, Tara R., *Attorney for Defendant*

86. Primrose, Nicholas A., *Attorney for Defendant/Appellant*

87. Raysor, Bonnie, *Plaintiff/Appellee*

88. Reingold, Dylan T., *Plaintiff/Appellee*

89. Riddle, Betty, *Plaintiff/Appellee*

90. Rosenthal, Oren, *Attorney for Defendant*

91. Shannin, Nicholas, *Attorney for Defendant*

92. Sherrill, Diane, *Plaintiff/Appellee*

93. Short, Caren E., *Attorney for Plaintiffs/Appellees*

94. Signoracci, Pietro, *Attorney for Plaintiffs/Appellees*

95. Singleton, Sheila, *Plaintiff/Appellee*

96. Smith, Daniel A., *Witness*

97. Southern Poverty Law Center, *Attorneys for Plaintiffs/Appellees*

98. Stanley, Blake, *Witness*

99. Steinberg, Michael A., *Attorney for Plaintiff/Appellee*

100. Swain, Robert, *Attorney for Defendant*

101. Swan, Leslie Rossway, *Defendant*

102. Sweren-Becker, Eliza, *Attorney for Plaintiffs/Appellees*

103. Tilley, Daniel, *Attorney for Plaintiffs/Appellees*

104. Timmann, Carolyn, *Witness*

105. Todd, Stephen M., *Attorney for Defendant*

106. Topaz, Jonathan S., *Attorney for Plaintiffs/Appellees*

107. Trevisani, Dante, *Attorney for Third Party*

108. Turner, Ron, *Defendant*

109. Tyson, Clifford, *Plaintiff/Appellee*

110. Weiser, Wendy, *Attorney for Plaintiffs/Appellees*

111. White, Christina, *Defendant*

112. Wrench, Kristopher, *Plaintiff/Appellee*

113. Wright, Raquel, *Plaintiff/Appellee*

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated: December 5, 2019

s/ Charles J. Cooper
Charles J. Cooper
*Counsel for Defendants-Appellants*

# MOTION TO EXPEDITE APPEAL

Pursuant to 28 U.S.C. § 1657(a), Federal Rule of Appellate Procedure 27, and this Court's Internal Operating Procedure 27.3, Defendants-Appellants ("the State") respectfully move for expedited consideration of this appeal from the Order issued on October 18, 2019 by the U.S. District Court for the Northern District of Florida. *See* Order Den. the Mot. to Dismiss or Abstain and Granting A Prelim. Inj., *Jones v. DeSantis,* No. 19-00300, Doc. 207 (Oct. 18, 2019) ("Doc. 207") (attached as Exhibit A). There is good cause for such expedited review. This case involves a federal constitutional challenge to SB-7066, a law implementing an amendment to the Florida Constitution recently adopted by the voters of Florida. The order on appeal preliminarily enjoins enforcement of provisions of SB-7066 concerning the re-enfranchisement of convicted felons who have not paid financial obligations imposed as part of their felony sentence, namely fines, fees and restitution. The public interest strongly favors speedy resolution of the dispute to curtail uncertainty about the validity of SB-7066 before the upcoming statewide elections: the March 2020 Presidential Preference Primary, August 2020 Primary,

and November 2020 General Elections.[1] And because resolution of this appeal will affect the electoral process, expedited review is particularly appropriate. The State respectfully asks this Court to enter a briefing and argument schedule to allow for prompt consideration of the State's appeal from the preliminary injunction ordered by the district court.

## I.  BACKGROUND

In November 2018, the voters of Florida approved a ballot amendment titled the "Voting Restoration Amendment," but also known as "Amendment 4." This amendment, which became effective on January 8, 2019, changed Article VI of the Florida Constitution as follows (with new sections underlined):

> (a) No person convicted of a felony, or adjudicated in this or any other state to be mentally incompetent, shall be qualified to vote or hold office until restoration of civil rights or removal of disability. Except as provided in subsection (b) of this section, any disqualification from voting arising from a felony conviction shall terminate and voting rights shall be restored upon completion of all terms of sentence including parole or probation.
>
> (b) No person convicted of murder or a felony sexual offense shall be qualified to vote until restoration of civil rights.

Fla. Const. art. VI, § 4 (2019).

---

[1] Municipal elections also occur throughout the year. *See Dates for Local Elections,* FLORIDA DEP'T OF STATE: DIVISION OF ELECTIONS (2020), https://bit.ly/34MlPcv (select "List Election Dates" for full list).

After Floridians adopted Amendment 4, the State Legislature enacted SB-7066. *See* 2019-162 Fla. Laws 1. SB-7066 interprets "completion of all terms of sentence" in Amendment 4 to mean "any portion of a sentence that is contained in the four corners of the sentencing document, including, but not limited to" "[f]ull payment of restitution ordered to a victim by the court as a part of the sentence" and "[f]ull payment of fines or fees ordered by the court as a part of the sentence or that are ordered by the court as a condition of any form of supervision, including, but not limited to, probation, community control, or parole." *Id.* at 28 (codified at FLA. STAT. § 98.0751(2)(a) (2019)).

On June 28, 2019, Appellees filed suit for declaratory and injunctive relief against Appellants in their official capacities, alleging that conditioning re-enfranchisement on the payment of financial obligations violated the United States Constitution, both facially and as applied to felons unable to pay. Appellees moved for a preliminary injunction to enjoin enforcement of the provisions of SB-7066 that require the payment of financial obligations for restoration of the right to vote pending resolution of their claims on the merits. The State, meanwhile, moved to

3

dismiss the suit for lack of Article III standing or to abstain for the Florida Supreme Court to resolve the meaning of Amendment 4.[2]

On October 18, 2019, the district court denied Appellants' motion to dismiss or abstain and granted Appellees' motion for a preliminary injunction in part. Doc. 207 at 53–54. The court held, based on footnote 1 of this Court's en banc decision in *Johnson v. Governor of State of Florida*, 405 F.3d 1214, 1216–17 n.1 (11th Cir. 2005), that the restoration of a felon's right to vote could not constitutionally be made to depend on the felon's ability to pay financial obligations that were part of his sentence. *Id.* at 29–35. Concluding that Appellees were likely to succeed on the merits of their claim under *Johnson*, the Court preliminarily enjoined appellants "from interfering with an appropriate procedure through which the [appellees] can attempt to establish genuine inability to pay." *Id.*

---

[2] On August 9, 2019, the Governor requested, under Article IV, section 1(c) of the Florida Constitution, that the Florida Supreme Court provide an advisory opinion on the meaning of the phrase "completion of all terms of sentence" in Amendment 4. On August 29, 2019, the Florida Supreme Court issued an order exercising the Court's discretion to provide the Governor with an advisory opinion in response to his request. Exhibit A to Governor and Secretary of State's Mot. For Stay Pending Rendition of Fl. Supreme Ct. Advisory Op., *Jones v. DeSantis,* No. 19-00300, Doc. 138-1 at 9 (Sept. 10, 2019) (Attached as Exhibit C). The Florida Supreme Court heard oral argument on November 6, 2019, and its advisory opinion is forthcoming.

4

at 50. The Court also concluded that the other preliminary injunction factors favored granting the injunction. *Id.* at 51–52.

On November 15, 2019, Appellants filed their notice of appeal.

On November 27, 2019, Appellants moved the district court to stay its preliminary injunction order pending appeal. If that motion is denied, Appellants plan to file a motion to stay pending appeal in this Court.[3]

## II. ARGUMENT

The State requests expedited review to bring certainty to the electoral process before the March 2020 Presidential Preference Primary, August 2020 Primary, and November 2020 General Elections. Delay in the appellate process increases the likelihood of confusion among voters about the status of SB-7066 and convicted felon voting eligibility in the upcoming elections, especially if this court reverses the district court's order. It also risks public doubt in election outcomes if the injunction is expanded. An expedited appeal schedule can avoid these problems. Prompt resolution of this case is therefore in the public interest and uniquely appropriate in the election context. The State further submits that briefing in this case could be concluded by late-January 2020. If oral argument is set for

---

[3] During a hearing on December 3, the district court advised the parties that a ruling on the Motion for Stay would not come before Friday, December 13, 2019.

early February, a decision could be issued before the March 17, 2020 Presidential Preference Primary Election. Alternatively, if the decision is issued before June 2020, election officials would have sufficient time to prepare for the August 2020 Primary and November 2020 General Elections.

### A. Expedited Resolution is in the Public Interest

The district court's order currently enjoins the State's efforts to enforce SB-7066 as applied to Appellees. The preliminary injunction thus allows individuals to register and vote who are not eligible under Amendment 4. Even if this Court reverses the district court's preliminary injunction, without expedition such a decision would almost certainly come too late for election officials to change course before the upcoming primary election.

The district court is also considering Appellees' motion to certify a subclass, which includes "[a]ll persons otherwise eligible to register to vote in Florida who are denied the right to vote pursuant to SB 7066 because they are unable to pay off their outstanding [legal financial obligations] due to their socioeconomic status." Raysor Pls.' Mem. in Supp. of Mot. For Class Certification, *Jones v. DeSantis,* No. 19-00300, Doc. No. 172-1 at 3–4 (Sept. 26, 2019) (attached as Exhibit B). Appellees admit that over 430,000 former felons have outstanding financial obligations. *Id.* at 6. If the district court certifies and extends the preliminary

injunction to the subclass, the State would be required to expend substantial resources making individual determinations about the socioeconomic status of hundreds of thousands of convicted felons. What is more, such an extension could change the outcome of the upcoming elections by allowing hundreds of thousands of convicted felons to register and vote who are not eligible under Amendment 4.

Uncertainty about the constitutionality of SB-7066 casts doubt on the electoral process and the outcomes it produces. This problem will persist until this Court considers and decides this appeal. As this Court explained in granting the State's earlier request to stay a preliminary injunction in a different felon re-enfranchisement case, the State has "a substantial interest in avoiding chaos and uncertainty in its election procedures." *Hand v. Scott*, 888 F.3d 1206, 1214 (11th Cir. 2018). This rationale extends to the public's interests as well, as confusion about voting requirements undermines public confidence in the rules governing elections. *See id.* at 1215 (explaining it is in the public interest to "ensur[e] proper consultation and careful deliberation before overhauling [the State's] voter-eligibility requirements"); *see also Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006) ("Court orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls."). Thus, expedited consideration of this appeal is in the public interest,

regardless of the district court's decision on the motion to stay the preliminary injunction.

### B. Prompt Resolution is Uniquely Appropriate in This Case

This case also demonstrates good cause for expedited review because it involves constitutional issues of great importance. This Court has repeatedly recognized that cases affecting elections merit prompt resolution. Last year, this Court decided in *Hand v. Scott*, on its own motion, to order "accelerated briefing of the merits and oral argument" to "resolve[] quickly" a challenge to the State Executive Clemency Board's re-enfranchisement scheme. *Hand*, 888 F.3d at 1215 (granting stay pending appeal of the district court's injunctions); *see also* Order Expediting Resolution of the Appeal, *Hand v. Scott,* No. 18-11388 (Apr. 25, 2018). In *Brown v. Secretary of State of Florida*, the Court expedited appeal of a challenge to a ballot initiative approved by Florida voters establishing standards for congressional redistricting due to "the shortness of time before the national elections." 668 F.3d 1271, 1274 (11th Cir. 2012) (issuing in January 2012 before the November 2012 election). Likewise, in *Duke v. Cleland*, this Court granted the appellants' motion for an expedited appeal in a case involving a candidate's exclusion from Georgia's presidential preference primary ballot. 954 F.2d 1526, 1528 (11th Cir. 1992).

8

This Court has consistently expedited appeals of cases affecting electoral processes, as such lawsuits often involve time-sensitive issues of great importance. This appeal is no different. The State seeks prompt resolution to expeditiously and lawfully implement Amendment 4—the expressed will of the Florida electorate. It wishes to do so with sufficient time to implement this Court's determination of the constitutionality of Amendment 4 and SB-7066 and minimize voter doubt in the electoral process and outcome before the upcoming elections, including the March 2020 Presidential Preference Primary, August 2020 Primary, and November 2020 General Elections. The Court should therefore adopt the schedule proposed below.

### III.     PROPOSED SCHEDULE

Based on the need for expedited treatment, Appellants respectfully propose the following schedule:

<u>Initial brief deadline</u>:     December 13, 2019

<u>Answer brief deadline</u>:     January 10, 2020

<u>Reply brief deadline</u>:     January 24, 2020

<u>Argument (if ordered)</u>:     The week of February 10, 2020, pending the Court's availability.

9

Dated:  December 5, 2019                              Respectfully submitted,

Joe W. Jacquot                                    s/ Charles J. Cooper
Nicholas A. Primrose                              Charles J. Cooper
Joshua Pratt                                      Peter A. Patterson
Executive Office of the Governor                  COOPER & KIRK, PLLC
400 S. Monroe St., PL-5                           1523 New Hampshire Avenue, N.W.
Tallahassee, FL 32399                             Washington, D.C. 20036
Telephone: (850) 717-9310                         (202) 220-9601
Fax: (850) 488-9810                               Fax: (202) 220-9601
joe.jacquot@eog.myflorida.com                     ccooper@cooperkirk.com
nicholas.primrose                                 ppatterson@cooperkirk.com
@eog.myflorida.com
joshua.pratt@eog.myflorida.com

Bradley R. McVay
Ashley E. Davis
Florida Department Of State
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399
Phone: (850) 245-6536
Fax: (850) 245-6127
brad.mcvay @dos.myflorida.com
ashley.davis@dos.myflorida.com

# CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because this motion contains 1,913 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionately spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

Dated: December 5, 2019                         s/ Charles J. Cooper
                                                Charles J. Cooper
                                                *Counsel for Defendants-*
                                                *Appellants*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on December 5, 2019. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: December 5, 2019

<u>s/ Charles J. Cooper</u>
Charles J. Cooper
*Counsel for Defendants-Appellants*